IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**LAGERIAN THURSTON,**

    Petitioner,

v.                                        Case No. 5:16cv290-LC/CAS

**JULIE JONES, Secretary,
Department of Corrections,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

On or about October 18, 2016, Petitioner Lagerian Thurston, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He also submitted a motion for leave to proceed in forma pauperis. ECF No. 2.

Petitioner is currently incarcerated at the Apalachee Correctional Institution in Sneads, Florida, which is located in the Northern District of Florida. ECF No. 1; *see* 28 U.S.C. § 89(a). Petitioner challenges a state court judgment from the Nineteenth Judicial Circuit, St. Lucie County, Florida, which is located in the Southern District of Florida. ECF No. 1; *see* 18 U.S.C. § 89(c).

Jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated). In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Southern District of Florida, Fort Pierce Division. *Id*.; S.D. Fla. IOP 2.01.01(d). See Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).

It is therefore respectfully **RECOMMENDED** that the case file, any pending motions, and any service copies be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Fort Pierce Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 28, 2016.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**